Curia, per O’Neall, J.
The presiding Judge reports, “that the declarations of Bradley, the next day after the coffee was left with this witness, (W. H. Steel) and at other times, were offered by the defendant, and rejected as incompetent.” It is possible there may be some mistake in this statement; but the presiding Judge, after a conference with the attorneys, is unable to say whether he excluded the declarations of Bradley after the sale to Land, alone, or whether it may not have been that he excluded those before the sale, as well as after; and taking the ground of appeal and report together, he thinks it better that it should be assumed that he did exclude all the declarations, after the coffee was deposited with Steel, as well those before the sale as those after . it, lest it should be that proper evidence was, from mistake, withheld.
Theie is no doubt that the declarations of the vendor of personal goods, made before the sale, are competent evidence against his vendee. The point is considered and adjudged in Guy vs. Hall, 3 Murphey’s No. Ca. R. 150. In that case, Henderson, J. said, “ the declarations or confessions of the person making them, are evidence against such person and all claiming under him by a subsequent title.” The rule which I have stated is laid down and enforced by an unanswerable array of reason and authority, in 2 Phill. Ev. by C. & H. 656.
In a question of fraud, if the vendor, a debtor, retain the possession, his declarations, as long as he retains the possession, seem to be admissible against his vendee, *170 Willies vs. Farley, 14 Eng. C. L. R. 366; 2 Phill. Ev. by C. & H. 602.
The motion for a new trial is granted.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred,